UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DWAYNE CHAMPAGNE | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| FIELDWOOD ENERGY LLC, | § | |
| GOM SHELF LLC, | § | |
| APACHE CORPORATION, | § | |
| EATON OIL TOOLS, INCORPORATED, | § | |
| DLS, L.L.C., D&L SALVAGE, L.L.C. | § | |
| and DLS & MARINE SERVICES, LLC | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dwayne Champagne ("Plaintiff"), complaining of Defendants Fieldwood Energy LLC, GOM Shelf LLC, Apache Corporation, Eaton Oil Tools, Incorporated, DLS, L.L.C., D&L Salvage, L.L.C. and DLS & Marine Services, LLC, and, for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1   Plaintiff Dwayne Champagne, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Fieldwood Energy LLC, is a Delaware corporation with its principal place of business in Houston, Harris County, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

1.3     Defendant GOM Shelf LLC, is a Delaware corporation with its principal place of business in Houston, Harris County, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

1.4     Defendant Apache Corporation, is a Delaware corporation with its principal place of business in Houston, Harris County, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.5     Defendant Eaton Oil Tools, Incorporated, is a Louisiana corporation with its principal place of business in Lafayette, Louisiana, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent George E. Eaton, Jr., 270 Cherry Lane, Burkeville, Texas  75932.

1.6     Defendant DLS, L.L.C., is a Louisiana limited liability company, with its principal place of business in Franklin, Louisiana, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process

is to be made pursuant to TEX.CIV.PRAC. & REM CODE § 17.044 by serving the Secretary of State of Texas as agent for said Defendant. This suit arises out of Defendant DLS, L.L.C.'s business contacts in this State and, under the circumstances, said Defendant has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, by certified mail, return receipt requested, to Defendant DLS, L.C.C., at its home office 255 Terminal Lane, Franklin, LA 70538.

1.7   Defendant D&L Salvage, L.L.C., is a Louisiana limited liability company, with its principal place of business in Franklin, Louisiana, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to TEX.CIV.PRAC. & REM CODE § 17.044 by serving the Secretary of State of Texas as agent for said Defendant. This suit arises out of Defendant D&L Salvage, L.L.C.'s business contacts in this State and, under the circumstances, said Defendant has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, by certified mail, return receipt requested, to Defendant D&L Salvage, L.L.C., at its home office 255 Terminal Lane, Franklin, LA 70538.

1.8     Defendant DLS & Marine Services, LLC, is a Louisiana limited liability company, with its principal place of business in Franklin, Louisiana, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to TEX. CIV. PRAC. & REM CODE § 17.044 by serving the Secretary of State of Texas as agent for said Defendant. This suit arises out of Defendant DLS & Marine Services, LLC's business contacts in this State and, under the circumstances, said Defendant has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, by certified mail, return receipt requested, to Defendant DLS & Marine Services, LLC, at its home office 255 Terminal Lane, Franklin, LA 70538.

## II. JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq.*

## III. VENUE

3.1.     Venue is proper under OCSLA jurisdiction, under 28 U.S.C. §1391, as one or more Defendants reside in this District.

## IV. FACTS

4.1     On or about October 6, 2014, Plaintiff was employed as a rigger for TETRA Technologies, Inc., working on a platform located at Mustang Island A111 in the Gulf of Mexico, offshore Texas ("the platform"), and was seriously injured during drill pipe operations being conducted on the platform, which injuries included a left hand partial finger amputation and fracture.

4.2     At all material times hereto, the platform was owned and/or operated by Defendants Fieldwood Energy LLC, GOM Shelf LLC, Apache Corporation ("platform Defendants").  Defendants Eaton Oil Tools, Incorporated, DLS, L.L.C., D&L Salvage, L.L.C. and DLS & Marine Services, LLC all had employees, operators, and/or contractors present on the platform who were engaged in the drill pipe operations that resulted in Plaintiff's substantial injuries.

## V.  CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about October 6, 2014, Plaintiff sustained serious and disabling injuries while performing operations on the platform.

5.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood

in law, on the part of all Defendants, their agents, servants and/or employees, including the PIC, crane operator and hand, who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

5.3     Plaintiff would further show that the platform Defendants had custody or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

5.4     The platform Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Said Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

5.5     As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging  in his usual

occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.6     In addition to the above negligent acts, all Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7     The federal regulations applicable to the platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901.   The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like the platform Defendants develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review, record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902.  Pursuant to 30 C.F.R. § 250.1900, *et seq.*, said Defendants had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices.  The platform Defendants were responsible for ensuring that all of their contractors worked together to operate in a safe and environmentally responsible manner.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts of all Defendants, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from all Defendants include compensation for the following:

- (a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

- (b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

- (c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

- (d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

- (e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

- (f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

- (g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

- (h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)  past and future physical disfigurement;

(j)  past and future physical impairment; and

(k)  punitive damages.

## VII. INTEREST

7.1  Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1  Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)  that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)  that a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)  for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:    713-653-5656
marcus@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Mary Holmesly
Texas Bar No. 24057907 / SD Tex. No. 890192
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656
mholmesly@spaglaw.com

*Attorneys for Plaintiff*